IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:01-cr-00013-MP-AK

RANDY DALE MARKER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 48, Motion to Vacate under 28 U.S.C. § 2255, by Randy Dale Marker. The Government has filed its response, Doc. 50, and Defendant has filed a reply. Doc. 51. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion be denied as untimely.

## BACKGROUND

On June 1, 2001, the defendant, Randy Dale Marker, pled guilty to bank robbery. Docs. 22 & 23. He was subsequently sentenced to 97 months imprisonment. Docs. 28 & 31. This was based on a total offense level of 26, which yielded a sentencing range of 63-78 months, plus a 19-month enhancement "[b]ecause th robbery guideline does not deal with threat of death or serious bodily injury to more than one victim...." Presentence Report at 17; *see also* Doc. 35 at 35. Defendant had objected to this enhancement, PSR at 19-20, an objection he continued to press at sentencing, and thereafter, he appealed the application of the 19-month upward

departure, arguing that "the use of a bomb cannot form the basis of an upward departure" and that "there was no proof that the bomb used would actually detonate." Doc. 46. On January 7, 2002, the Eleventh Circuit rejected Defendant's arguments, finding:

> After a review of the record, the parties' briefs, and the Presentence Investigation Report, we find no reversible error. The use of a bomb takes Marker's case outside of the heartland of bank robberies because such a "weapon of mass destruction" is not contemplated by the relevant sentencing guideline....The detonation of one bomb is capable of killing or seriously injuring more people than is the discharge of a firearm. In addition, bombs wreak death and destruction indiscriminately. Because a bomb likely poses a greater threat of danger than does a firearm, the penalty for using one during a robbery likewise should be increased....
>
> Marker's contention that his bomb may not have detonated is immaterial....
>
> Based upon the foregoing, the district court did not abuse its discretion in departing upward from the applicable guidelines range.

*Id*. at 3-5.

The instant motion was filed on July 28, 2004, the day Defendant deposited the motion in the prison mail system. *See* Doc. 48 at 5. On this occasion, Defendant argues (1) that his Sixth Amendment right to trial by jury was violated because the 19-month enhancement was not presented to or decided by a jury, (2) that counsel was ineffective for not making the Sixth Amendment argument, and (3) that the Court exceeded its authority and jurisdiction in imposing the enhancement. *Id*. at 3-4.

## **DISCUSSION**

Initially, the Court must determine whether this motion is timely, as the Government's initial objection to the motion is that it is untimely filed. Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. "A 1-year period of limitation shall apply to a motion under this section." *Id*. The one-year limitations period

> shall run from the latest of–
>
>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

The judgment of conviction became final in this case 90 days after the issuance of the Eleventh Circuit's opinion on January 7, 2002. *See Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) (judgment of conviction becomes final within meaning of § 2255 on date on which time for filing petition for certiorari to United States Supreme Court expires). Consequently, the instant petition, which was filed on July 28, 2004, over two years after the judgment of conviction became final, is untimely under § 2255(1) because it was not filed within one year of April 7, 2002. *See also* Sup. Ct. R. 13.3 (time for filing certiorari petition runs from

date of entry of judgment, no from issuance date of mandate).

Defendant counters that the motion is timely under § 2255(3), "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," arguing that he "has filed for relief at this time because of all the publicity from the Blakely case and the Supreme Court's decision."

Neither *Blakely*, *Booker*, which is based on *Blakely*, nor *Apprendi* is retroactively applicable to cases on collateral review.  *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005);  *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001).  Thus, because the Supreme Court has not made any of these cases retroactively applicable to cases on collateral review, Defendant is not entitled to take advantage of § 2255(3).

This does not, however, end the inquiry as "in the proper case, § 2255's period of limitations may be equitably tolled."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Id*.  However, Defendant has not raised anything in his motion or his reply that meet the *Sandvik* requirements for equitable tolling.

## **CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, Doc. 48, be **DENIED AS UNTIMELY**.

**IN CHAMBERS** at Gainesville, Florida, this *6th* day of April, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**